IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

     v.                                   : Civil Action No. DKC 20-0002

DION QUEVA DEMPSEY

**MEMORANDUM OPINION**

On July 6, 2020, Magistrate Judge Thomas DiGirolamo issued a comprehensive Memorandum Opinion and Order (ECF No. 30) denying Defendant's motion for reconsideration of detention.  On July 16, 2020, Defendant filed the pending motion for review of that order. (ECF No. 31).  The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not.  (ECF No. 32 (citing *United States v. Martin*, No. 19-140-13-PWG, 2020 WL 1274857 (D.Md. March 17, 2020))).  On July 16, 2020, the government filed a letter with supplemental materials.  (ECF No. 33).  Based on a *de novo* review of the written material, including reports from Pretrial Services, and after listening to the recording of the detention hearing held on February 26, 2020, the court concludes that detention is warranted, in that, based on clear and convincing evidence, there are no conditions or combination of conditions that will reasonably assure the safety of the community.

Mr. Dempsey, in his appeal, argues that the COVID-19 public health emergency, coupled with the deficient measures in place at the DC Jail, merit release.  He proposes to be placed on electronic home monitoring and house arrest at the home of his mother who would serve as third party custodian.  He points out that he is no longer serving a sentence for violation of supervised release, and argues that, because the Government's case depends on the validity of a warrantless search and seizure, conditions of release should be set.

The Government relies on information provided before Magistrate Judge DiGirolamo, and also reports that at present the DC Jail reports no active cases of COVID-19.  The material information submitted earlier both in writing and orally reflects the circumstances of the arrest in this case.

In 2019, Mr. Dempsey was on supervised release for a prior conviction for possession of a firearm after a felony conviction in DKC 12-0031.  In May, a warrant was issued for his arrest for violation of conditions of supervised release.  He was arrested on November 22, 2019, on that warrant as well as a warrant from Virginia.  The current charge arises from his alleged possession of a loaded firearm with no serial number found in a bedroom in the residence where he was located that day.  According to the Government, Mr. Dempsey admitted possession of that firearm, and he was seen by law enforcement in the window of that bedroom just

prior to his arrest. He was detained in the VOSR case, appeared before the undersigned, and eventually sentenced to five months in prison for violations of supervised release in failing to meet with his probation officer at his place of employment on March 29, 2019, and failing to appear for a home appointment on April 22, 2019. Alleged violations based on new offenses were dismissed. The Government contends that, after sentencing on the VOSR, while detained at CTF, in January 2020, Mr. Dempsey attempted to influence a grand jury witness through communications by text. He was indicted in this case on January 13, 2020.

Mr. Dempsey's criminal history includes a conviction for second degree assault in 2009 that the Government reported involved pointing a handgun at a victim and firing in the air and in the direction of someone inside a house. In 2010, he was convicted of possession of a firearm by a prohibited person and was sentenced to a partially suspended sentence. He violated the terms of that probation by committing the felon in possession offense for which he was sentenced in this court, and served a portion of the suspended state court sentence before beginning the federal sentence. As noted above, he was being arrested for violation of his supervised release at the time of the events leading to the current charge.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors: the nature and circumstances

of the offense charged, the weight of the evidence against the person, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

There is strong evidence supporting the government's case against Mr. Dempsey.  While he challenges the admissibility of the physical evidence, he does not dispute that there was a loaded firearm with no serial number in the bedroom where he was seen. He has not acknowledged making the admission the Government claims he made, and may contend that any statement is inadmissible.  The Government reports that preliminary DNA testing found Mr. Dempsey's DNA on the firearm.  As alluded to above, an eye-witness testified before the grand jury and the law enforcement officers can testify as to what they saw.  The danger presented by the presence of loaded firearms by prohibited persons cannot be overstated.  Young children also lived in the residence.  While he is a long-standing member of the community, with family ties and work history, he also has a significant criminal history involving

guns and assaultive behavior and has performed especially poorly on release conditions.  He was on probation in state court when he committed the prior federal felon in possession offense, and violated the terms of his supervised release in that case by being unavailable for supervision by his probation officer.  The possible third-party custodians, his mother or the manager at his place of employment, were evaluated by Pretrial Services.  Because another tenant at his manager's residence could not be investigated, it was not possible to make any conclusion about his suitability. Currently, Mr. Dempsey proposes to live with his mother.  Even if a suitable third party custodian were available, however, the risk of danger would not be sufficiently controlled.  Mr. Dempsey's own prior conduct, coupled with the alleged criminal conduct charged in this case, demonstrate by clear and convincing evidence the danger he poses if released.

Section 3142(i) provides a distinct statutory basis for pretrial release.  Under that section, the court may "permit the temporary release of [a] person" to "the custody of a United States marshal or another appropriate person," if the court determines that pretrial release is "necessary . . . for another compelling reason."  The defendant bears the burden of establishing circumstances warranting temporary release. *United States v. Lee*, No. 19-159-ELH, 2020 WL 1974881, at *4 (D.Md. Apr. 24, 2020) (citing the United States Court of Appeals for the Fourth Circuit's

order in *United States v. Creek*, No. 19-036-17-CCB, ECF No. 402).
Under that directive, the court is to consider the risk that the
virus poses to a defendant, given his medical conditions and the
current situation at the facility where he is being held, and
whether that risk, balanced against the other factors, rises to a
level of a compelling reason for temporary release. The Pretrial
Services report states that Mr. Dempsey has no current medical
problems although he reported having asthma as a child.
Particularly given the absence of an active COVID-19 presence in
the DC Jail, the risk to his health does not offset the very
serious risk of danger to the community that would be posed by his
release. Therefore, temporary release under § 3142(i) is denied.

For the foregoing reasons, based on a *de novo* review, the
detention order is CONFIRMED. A separate order will follow.

                                        /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge