IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                         |   |                              |
|-------------------------|---|------------------------------|
| UNITED STATES OF AMERICA | : |                              |
|                         | : |                              |
| v.                      | : | Civil Action No. DKC 20-0002 |
|                         | : |                              |
| DION QUEVA DEMPSEY      | : |                              |
|                         | : |                              |

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution is the Government's motion to exclude time pursuant to the Speedy Trial Act. (ECF No. 25). The Defendant has filed an opposition. (ECF No. 29). For the following reasons, the motion will be GRANTED.

On January 13, 2020, a federal grand jury for the District of Maryland returned an indictment charging the Defendant with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). The Indictment was unsealed on January 30, 2020. The Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 30, 2020. Following a detention hearing on February 26, 2020, the Defendant was detained pending trial.[1] An arraignment has not yet occurred in this case. The parties will schedule an arraignment once the Court reopens. The Government has produced

---

[1] The defendant was serving a five-month sentence for violation of supervised release until March 2020.

discovery to the Defense.   In addition, the Defendant filed a motion to suppress evidence on April 21, 2020.  (ECF No. 15).  The Government response was filed on July 17, 2020.  (ECF No. 34).  As agreed upon during the status conference on June 19, 2020, the court will consider the Defendant's motion at a hearing on September 10, 2020.  (*See* ECF No. 23).

The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence no more than 70 days from initial appearance or indictment, subject to various exclusions.  A one-week trial has been scheduled to begin October 19, 2020.  (*See* ECF No. 23).

In response to the outbreak of the COVID-19 pandemic in the United States, on January 31, 2020, the Secretary of Health and Human Services declared a public health emergency for the entire United States.  In addition, on March 13, 2020, the President of the United States declared a national emergency, and on March 5, 2020, the Governor of Maryland Larry Hogan declared a state of emergency related to the COVID-19 pandemic in the United States. And, on March 30, 2020, Governor Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary purposes.  The Centers for Disease Control and Prevention and other public health authorities have advised taking

precautions to reduce the possibility of exposure to the virus and to slow the spread of disease. In light of these public declarations, on March 11, 2020, Chief Judge James K. Bredar entered an initial Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02. Standing Order 2020-02 was subsequently amended on March 16 and March 20, 2020, and the Court also further restricted access to the Courthouse for limited personnel on Mondays, Wednesdays, and Fridays. *See* Amended Standing Order No. 2020-02; Second Amended Standing Order No. 2020-02; Order, In re: Covid-19 Pandemic Procedures, Misc. No. 20-146, ECF No. 12. On March 20, 2020, Chief Judge Bredar entered another Standing Order suspending jury selection and jury trials in all criminal cases scheduled to start between March 20, 2020 and April 24, 2020. *See* Standing Order No. 2020-05. On April 10, 2020, Chief Judge Bredar entered another Standing Order further suspending jury selection and jury trials in all criminal cases scheduled to start between March 16, 2020 and June 5, 2020. *See* Standing Order No. 2020-05. That Order provided that the time period of the continuances implemented by the Order were excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuances outweighed the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). On March 18, 2020, the Court

3

suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. Order, In re: Covid-19 Pandemic Procedures, Misc. No. 20-146. The conditions imposed by Standing Order Nos. 2020-02, 2020-05, 2020-07, and related orders were necessary to reduce the size of public gatherings and reduce unnecessary travel in order to ensure the health and safety of the public, Court employees, litigants, counsel, interpreters, law enforcement officials, and jurors, who must work and interact in close quarters.

Given the grave public-health concerns discussed in the Standing Orders, the Court's reduced ability to obtain an adequate spectrum of jurors, and the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described above, as well as the additional facts set forth in the Government's Motion (which the Court incorporates here), the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial. Failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a full, unhindered, continuously serving jury venire and seated jury, which is central to the sound administration of justice. Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk. Due

to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Furthermore, making sure discovery is reviewed with the Defendant in a safe and effective manner in the crisis has taken longer than normal.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the Government or the Defendant, or failure on the part of the Government to obtain available witnesses.

The Defense does not contest any of these considerations, but asserts that he remains entitled to a speedy trial under the United States Constitution and opposes the relief requested by the Government under the Speedy Trial Act.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

Therefore, for good cause shown, and having found that the ends of justice served by a continuance of the trial and exclusion of Speedy Trial Act time outweigh the best interests of the defendant, and the public, in a speedy trial, the time period of

5

January 30, 2020 up to and including October 19, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.   Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

                                    /s/
                    _____
                    DEBORAH K. CHASANOW
                    United States District Judge